UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DARREN GESE** | **CIVIL ACTION NO. 10-1703** |
|     **FED. REG. # 25752-001** | |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **JOE YOUNG** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Darren Gese, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on November 1, 2010. Doc. 1. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the Federal Correctional Institution, Oakdale, Louisiana (FCIO) and he complains that he is being denied appropriate full term placement in a Residential Reentry Center (RRC). Doc. 1, p. 5.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

### *Background*

Pursuant to a guilty plea entered in the United States District Court for the Northern District of Alabama, petitioner was sentenced to a seventy (70) month term of imprisonment for the "use of a computer to entice a minor to engage in sexual activity" in violation of 18 U.S.C. § 2422(b). Petitioner was placed in the custody of the BOP and arrived at FCIO on August 21, 2008. At that time, he had 36 months remaining on his sentence. Doc. 1, p.5.

Petitioner states that at his initial meeting with his FCIO case manager (among others) he

inquired about placement in an RCC and was told that inmates with sex related offenses only get 30 days in a halfway house. *Id*. This rule was expressed to him a second time in February 2010 while participating in another meeting with his case manager. *Id*.

On March 9, 2010, petitioner requested more time in an RCC than was previously discussed with him. Doc. 1, p. 6. On April 15, 2010, Gese received a response to his request, which stated "based on your strong family support, your financial sources, and your history and characteristics you do not require the service of six to 12 months RRC placement." *Id*.

On April 19, 2010, petitioner submitted an informal resolution form to his unit counselor regarding placement in an RCC and was told that, based on his offense, he was not suitable for 6 or 12 months of halfway house placement. Doc. 1, p. 7. On April 21, 2010, he submitted a BP-9 which was denied on or about May 3, 2010. Doc. 1, p. 8. Petitioner then filed a BP-10 on May 28, 2010, which was denied on or about June 24, 2010. *Id.* However, the response did state that petitioner was going to be referred for a 1 to 90 day placement in an RRC. *Id*.

Petitioner's final administrative appeal (BP-11) was received in the BOP's central office in Washington, D.C., on or about July 19, 2010. *Id*. Petitioner states that he has not received a response to his BP-11. Doc. 1, p. 9. However, on September 9, 2010, he did receive a letter from an RCC located in Lake Charles, Louisiana, stating that the acceptance date for arrival at the facility was August 30, 2011. Doc. 1, att. 3, p. 33.

Petitioner filed the instant suit on November 1, 2010, maintaining that the 30 day RCC placement is not reasonable under the Second Chance Act of 2007 (Doc. 1, att. 2, p. 1) and that the "unwritten rule" at FCIO that sex offenders only get 30 days RCC placement is discriminatory. Doc. 1, att. 2, p. 18. Petitioner provided various exhibits in conjunction with his petition, including documentation to substantiate exhaustion of BOP remedies. Doc. 1, att. 3.

*Law and Analysis*

A federal prisoner may challenge the manner in which his sentence is being executed by filing a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 in the judicial district where he is incarcerated. More specifically, and *apropos* to the instant petition, a prisoner may utilize the provisions of §2241 to challenge the BOP's refusal to authorize his placement in Residential Re-entry Center (RCC), Community Corrections Center (CCC) or halfway house.[1]

Despite the fact that petitioner appears to have met the BOP's exhaustion requirement, he is nevertheless not entitled to relief. In order to state a claim for relief pursuant to 28 U.S.C. §2241, a *habeas corpus* petitioner must allege and ultimately establish that he is in custody in violation of the Constitution and laws of the United States. Furthermore, the *habeas* petitioner has the burden of proof with regard to his claims for relief.

Petitioner implies that the prison administration has not properly applied the provisions of the Second Chance Act (PL 110-199) and, in effect, has deprived him of liberty without due process. However, petitioner's claims are conclusory at best and thus insufficient to establish that the decision making process of the prison administration was flawed or otherwise violated the Constitution or laws of the United States.

The Second Chance Act amended 18 U.S.C. §3624(c)(6), and directed the Director of the BOP to issue regulations to

> ... ensure that placement in a community correctional facility by the [BOP] is (A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community...

---

[1] *See Mihailovich v. Berkebile*, No. 3:06-CV-1603, 2007 WL 942091 (N.D. Tex. 2007). In that case, a BOP inmate challenged the BOP's denial of placement in a RCC and the court concluded "... as noted in [*Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235 (5th Cir. 2005)], confinement in a traditional federal prison is 'qualitatively different' from community confinement, and thus justifies utilization of § 2241 for challenging BOP regulations regarding placement in a CCC. 432 F.3d at 243-44. In light of [*Sonnier v. Francis*, 217 Fed. Appx. 410 (5th Cir. 2007)] the other cited cases, the facts of [*Carson v. Johnson*, 112 F.3d 818 (5th Cir.1997)], and petitioner's lack of recourse, the Court finds that petitioner properly invoked jurisdiction under § 2241."

18 U.S.C. §3624(c)(6).

Title 18 U.S.C. §3621(b) provides:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility ... considering –
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence –
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28...

The BOP has promulgated interim rules for the implementation of the Second Chance Act of 2007. *See generally* 28 CFR § 570.20 (2011). Pursuant to 28 CFR § 570.22, the interim rules direct that the regulations be implemented to ensure that placements in community confinement are "... [c]onducted in a manner consistent with 18 U.S.C. §3621(b); determined on an individual bases; and long enough 'to provide the greatest likelihood of successful reintegration into the community." The interim regulations further specify that with regard to the determination, the factors outlined in §3621(b) (the resources of the facility; the nature and circumstances of the offense; the history and characteristics of the prisoner, etc.) will be considered. *Id.*

As shown above, and as the documentation submitted by petitioner establishes (notwithstanding petitioner's assertion to the contrary), those very guidelines were consistently considered in making the complained of recommendation. In other words, the available

4

evidence establishes that the prison authorities complied with the requirements of 18 U.S.C. §§ 3621 and 3624 in making their recommendation, and thus petitioner, who bears the burden of proof as to this issue, has not established that his custody violates the Constitution or laws of the United States.

Therefore, **IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because petitioner has not shown that he is in custody in violation of the Constitution or laws of the United States.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Serv. Auto. Ass'n,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 17th day of June, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE